UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE:<br>SEAN TIMOTHY PLUNKETT<br>KELLY JEAN PLUNKETT<br>    Debtors | Case No. 19-25693-LSS<br><br>Chapter 13 |
| SPECIALIZED LOAN SERVICING, LLC<br>    Movant<br>v.<br>SEAN TIMOTHY PLUNKETT<br>KELLY JEAN PLUNKETT<br>    Debtors/Respondents<br>and<br>REBECCA A. HERR<br>    Trustee/Respondent | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

Specialized Loan Servicing, LLC ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay, with respect to certain real property of the Debtors having an address of 13429 Windsor Dr, Hagerstown, MD 21742-2550 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtors on November 25, 2019.

2. A Chapter 13 Plan was confirmed on June 18, 2020.

3. The Debtors have executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $222,500.00 (the "Note"). A copy of the Note is attached hereto.

4. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtors under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Washington County, Maryland. A copy of the recorded Deed of Trust is attached hereto.

5. The terms of the note and Deed of Trust were modified by a written agreement (the "Loan Modification Agreement"). A copy of the Loan Modification Agreement is attached hereto.

6. The Debtors were in default at the time the present bankruptcy was filed. The Debtors owed prepetition arrears of $44,517.90. The prepetition arrearage is detailed in the Movant's Proof of Claim.

7. As of January 11, 2024, the estimated outstanding Obligations are:

| | |
|---|---:|
| Unpaid Principal Balance | $208,759.86 |
| Unpaid Accrued Interest | $20,205.80 |
| NSF Fees | $0.00 |
| Uncollected Late Charges | $0.00 |
| Mortgage Insurance Premium | $0.00 |
| Taxes and Insurance Payments on behalf of Debtor | $8,879.08 |
| Interest on Advance | $0.00 |
| Other Fees | $0.00 |
| Other Costs | $4,562.07 |
| Less Partial Payments | $-1,743.97 |
| Minimum Outstanding Obligations | $240,662.84 |

8. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtors as of January 11, 2024.

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 12 | 12/01/2021 | 11/01/2022 | $1,362.94 | $16,355.28 |
| 12 | 12/01/2022 | 11/01/2023 | $1,396.42 | $16,757.04 |
| 2 | 12/01/2023 | 01/01/2024 | $1,412.66 | $2,825.32 |
| Less postpetition partial payments (suspense balance): | | | | $-252.24 |

**Total Postpetition Payments:** $35,685.40

9. A postpetition payment history is attached hereto.

10. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof; in connection with seeking the relief requested in this Motion, Movant has also incurred $1,150.00 in legal fees and $199.00 in costs.

11. The estimated market value of the Property is $195,000.00. The basis for such valuation is the Debtors` Schedules.

12. Based upon the Schedules of the Debtors and the amount of the Obligations

*BWW#:MD-347368*

described herein, the aggregate amount of encumbrances on the Property is $305,657.31.

13. Cause exists for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), for the following reasons:

(a) Movant's interest in the Property is not adequately protected. Movant's interest in the collateral is not protected by an adequate equity cushion.

(b) Postconfirmation payments required by the confirmed plan have not been made to Movant.

14. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtors have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

15. Debtor(s) executed a promissory note secured by a mortgage or Deed of Trust. The promissory note is either made payable to Creditor, has been duly indorsed, or creditor, directly or through an agent, has possession of the promissory note and may enforce the promissory note as a transferee in possession. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or Deed of Trust. If the original promissory note is lost or destroyed, then Creditor will seek to prove the promissory note using a lost note affidavit.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. For such other relief as the Court deems proper.

Date: <u>January 23, 2024</u>                    Respectfully Submitted,
                                                 BWW Law Group, LLC

                                                 /s/ Leah Freedman
                                                 Leah Freedman, Esq.
                                                 MD Fed. Bar No. 18950
                                                 BWW Law Group, LLC
                                                 6003 Executive Blvd, Suite 101
                                                 Rockville, MD  20852
                                                 301-961-6555, 301-961-6545 (facsimile)
                                                 bankruptcy@bww-law.com
                                                 *Attorney for the Movant*

*BWW#:MD-347368*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2024, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion for Relief from Automatic Stay will be served electronically by the Court's CM/ECF system on the following:

Rebecca A. Herr, Trustee

Chester H Hobbs, IV, Esq.

I hereby further certify that on this 23rd day of January, 2024, a copy of the foregoing Motion for Relief from Automatic Stay was also mailed first class mail, postage prepaid, to:

Sean Timothy Plunkett
529 Lynnehaven Road #14
Hagerstown, MD 21740

Kelly Jean Plunkett
529 Lynnehaven Road #14
Hagerstown, MD 21740

/s/ Leah Freedman
Leah Freedman, Esq.

*BWW#:MD-347368*